THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* VINCENT GESINO, Appellant.*

Court of Special Sessions of City of New York, Appellate Part, Second Department, March 31, 1937.

*Jackson S. Milchman,* for the appellant.

*William F. X. Geoghan, District Attorney [George F. Palmer, Jr.,* of counsel], for the respondent.

SALOMON, J. The defendant is charged with being a vagrant, in that on November 23, 1936, he was without visible means to maintain himself, and lives without employment, in violation of subdivision 1 of section 887 of the Code of Criminal Procedure. He was convicted and sentenced to six months in the workhouse. From this judgment of conviction he appeals.

* Revg. 161 Misc. 423.

Subdivision 1 of section 887 of the Code of Criminal Procedure provides as follows: The following persons are vagrants: " A person who, not having visible means to maintain himself, lives without employment."

A reading of the testimony herein discloses that the defendant at one time was a longshoreman, that in 1931 he was shot at and several bullets not only struck him, but in fact some of the discharged bullets penetrated his body and are still lodged within him, and that as a result of this he is paralyzed on one side of his body and he is in a very bad physical condition, which disables him from pursuing his usual work and is incapacitated to a great extent. It further appears that he has been married for the past four years and lives with his wife and stepdaughters and that the daughters are employed and contribute thirty-two dollars weekly towards maintaining their household which includes the defendant. It further appears that one of his brothers, a business man, who realizing defendant's incapacity permits him to drive his automobile to and from certain jobs and in so doing defendant earns on an average of from eight dollars to ten dollars weekly. It further appears that he has a brother on the police force who also realizing defendant's incapacity contributes four dollars weekly towards defendant's maintenance. It is true the defendant's past record is quite unsavory, but the evidence herein does not justify a finding that he has no means of maintaining himself and lives without employment, as contemplated by the provisions of the section.

To the contrary, even though the magistrate before whom the defendant-appellant was tried was not favorably impressed, it cannot be said that the defendant is likely to become a public charge, nor that he is a vagrant as contemplated by the statute. He as well as those of his household have visible means of maintenance, it appearing that approximately fifty dollars weekly is definitely received for the maintenance of his home.

Upon the facts adduced upon the trial had herein, adjudging him to be a vagrant is not warranted, and the judgment of conviction must be reversed. (See, also, *People* v. *Sohn*, 269 N. Y. 330.)

Having concluded that the facts adduced do not warrant the conviction, there is no necessity of passing upon the alleged errors of law contended for by the appellant.

Judgment reversed, complaint dismissed and defendant discharged.

WALLING and VOORHEES, JJ., concur.